**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**AMADO LOPEZ,**
**No. 13054-004,**

    **Petitioner,**

  **vs.**          **Case No. 15-cv-00726 -DRH**

**JAMES N. CROSS,**

    **Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

  Petitioner Amado Lopez is currently incarcerated in the Greenville Federal Correctional Institution, located within this judicial district.  Lopez was convicted in 1984 and sentenced to a 13-year term of imprisonment for conspiring to violate federal narcotics laws and using a telephone to facilitate narcotics transaction. *United States v. Lopez*, Case No. 83-cr-00639-07 (S.D.N.Y. 1984).  In 1991 he was released from prison on parole.  In 2014, Lopez was returned to prison after he violated the terms of his parole.  He was sentenced to serve 1,908 days in prison. He is now before the Court pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus (Doc. 1).  He contends the Bureau of Prisons should be giving him credit for 348 days of "industrial good time" he earned during his initial stint in prison.

  This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the

district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.   After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).   Thus, Lopez has chosen the proper mechanism for challenging how his sentence is being carried out.

Because Lopez's original conviction was in 1984, he received "industrial good time credit" under 18 U.S.C. § 4162, and his discharge date was calculated by decreasing his term of imprisonment by such credits.   *See* 18 U.S.C. § 4163. Effective November 1, 1987, those statutes were repealed.   *See* Pub.L. 98-473, Title II, § 218(a)(4)(Oct. 12, 1984, 98 Stat. 2027 (repealing 18 U.S.C. §§ 4161-4166).

Even assuming that Lopez earned 348 days under the "old law"—which documentation attached to the petition appears to support—that time is not applicable to the period of time he is now serving for violating his parole. Although Lopez must now serve the unexpired portion of his original 13-year

sentence (or at least a part of that unexpired term), the credits earned between 1984 and 1991 were relinquished upon his early release in 1991, and cannot be restored (even under the "old law").  *See Wilkerson v. United States Board of Parole*, 606 F.2d 750, 751 (7th Cir, 1979); *Ray v. Brewer*, 808 F.2d 19, 21 (7th Cir. 1986).

Petitioner Lopez's attempt to analogize or equate credits under "old" Section 4162 and a current statute, 18 U.S.C. § 4105(c)(1), is futile.  Section 4105 pertains to offenders serving a term of imprisonment in a foreign country who are transferred to the custody of the Attorney General.  Those offenders receive the benefit of credits earned for labor while in the foreign country when their release date is calculated under 18 U.S.C. § 3624 (the "new" statute regarding applying credits to determine an offender's release date).  Lopez, however, was convicted in New York, not a foreign country.

## Disposition

For the reasons stated, the petition is summarily **DISMISSED with prejudice**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be

determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Petitioner is further **ADVISED** that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended.  A proper and timely Rule 59(e) motion may toll the 30-day appeal deadline, but a Rule 60(b) motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this** <u>29th</u> **day of July, 2015.**

Digitally signed
by David R.
Herndon
Date: 2015.07.29
16:50:10 -05'00'

**United States District Judge**